### 13447. WOMACK *v.* WEIMAN *et al.*

The court did not err in awarding a nonsuit, even if the ground on which the judge expressly based it was not sufficient, there being no proof of essential facts alleged in the petition for foreclosure of a materialman's lien.

DECIDED FEBRUARY 22, 1923.

Lien foreclosure; from Fulton superior court — Judge Ellis. January 19, 1922.

*Hendrix & Buchanan, W. G. Shearer,* for plaintiff.

*Walter A. Sims,* for defendants.

BELL, J. On January 20, 1920, Mrs. M. H. Womack brought suit to foreclose a materialman's lien against H. Weiman and Mrs.

H. Weiman as the owners of the real estate for the improvement of which certain materials were furnished to a contractor, S. P. Chastain, who was not a party to this proceeding. The case was tried upon an agreed statement of facts, which was as follows: " The Fulton Lime and Cement Company on June 21, 1919, filed its suit in the municipal court of Atlanta against S. P. Chastain, for a certain itemized account consisting of lime, cement, laths, plaster and roofing. On July 8, 1919, S. P. Chastain filed his voluntary petition in bankruptcy in the district court of the United States for the northern district of Georgia, and on said day was duly adjudged a bankrupt. On September 3, 1919, the municipal court of Atlanta rendered the following judgment: ' This case coming on to be heard, judgment is hereby rendered for plaintiff, Fulton Lime and Cement Company, against defendant, S. P. Chastain, for the sum of $254.54 principal, and $5.91 interest to date, and costs of suit. This September 3d, 1919. E. D. Thomas, Chief Judge Municipal Court of Atlanta.' The schedules in bankruptcy of S. P. Chastain listed the claim of Fulton Lime and Cement Company. On October 4, 1919, S. P. Chastain was duly discharged in bankruptcy in the district court of the United States for the northern district of Georgia, and was relieved of the payment of all debts and claims made proof of or set out against his estate and which existed on July 8, 1919." No other evidence was offered. The court awarded a nonsuit, on the ground that the plaintiff had no valid judgment against the contractor and none was sought concurrently in this suit.

Even if we should assume that the judgment against the contractor was sufficient, and that the reason of the trial court for the granting of the nonsuit was therefore error, it still appears that the nonsuit was right for another reason. The agreed statement of facts fails altogether to show that the materials for which the judgment was obtained against the contractor were furnished for the improvement of any real estate of the defendants, as alleged in the second paragraph of the plaintiff's suit, or that the plaintiff substantially complied with her contract as alleged in her third paragraph, or that her lien was ever recorded as alleged. There was no proof whatsoever of the allegations of paragraphs 2, 3, 4, or 5 of the plaintiff's suit, each of which was denied in the defendant's answer. There was no proof, either, that the foreclosure

was prosecuted within twelve months from the maturity of the claim.

Whether the trial judge was right or wrong in awarding a non-suit for the reason assigned, he was clearly right for other reasons appearing in the record, and the judgment of nonsuit is therefore affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*